AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* Information Associated with a Google LLC Account, more fully described in Attachments A | Case No. 3:22-mj-05038 |

____ FILED ____ LODGED
____ RECEIVED
Mar 14 2022
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Google LLC Account, as described in Attachment A, incorporated herein by reference.

located in the ___Nothern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Prohibited Person in Possession of Firearm; |
| 18 U.S.C. § 922 (a)(6) | False Statement in Connection with Acquisition of a Firearm; |
| 18 U.S.C. §§ 924(a)(1)(A) and 911 | False Statement to Federal Firearms Licensee; False Claim to United States Citizenship |

The application is based on these facts:
✓ See Affidavit of FBI Task Force Officer Jordan Vossler, attached hereto and incorporatated herein by reference.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*  3077 vossler

Jordan Vossler, Task Force Officer, FBI
*Printed name and title*

☐ The foregoing affidavit was sworn to before me and signed in my presence, or
☑ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: 03/14/2022

*Judge's signature*

City and state: Tacoma, Washington

Theresa L. Fricke, United States Magistrate Judge
*Printed name and title*

USAO: 2021R01432

# A F F I D A V I T

STATE OF WASHINGTON   )
                      )  ss
COUNTY OF CLARK       )

I, Jordan Vossler, being first duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. 1. I am a Deportation Officer with the U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) and have been since September 2015. I have been employed by the Department of Homeland Security for approximately 11 years and am currently stationed in Portland, Oregon. I previously served as an Immigration Enforcement Agent from February 2011 to September 2015. I am currently assigned to the Criminal Alien Program (CAP) where I am responsible for conducting administrative and criminal investigations into possible violations of the federal law with an emphasis on immigration law. I am also collaterally assigned to the Federal Bureau of Investigations (FBI) Safe Street Task Force in Vancouver, Washington where I am responsible for conducting criminal investigations involving, but not limited to, violent crimes, firearm offenses, transnational gangs and narcotic trafficking. As part of this assignment, I have received Special Deputation with the Department of Justice as an FBI Task Force Officer. My training and experience include graduating the ICE DRO Basic Immigration Enforcement Academy in 2011, completing the ICE Field Operations Training Program in 2015, and completing the Field Operations Training Program-Prosecutions Module in 2019 at the Federal Law Enforcement Training Centers in Glynco, Georgia and Charleston, South Carolina. I have also assisted with the service of multiple search warrants with state and local law enforcement agencies as well as with the FBI, Drug Enforcement Administration (DEA), and Bureau of Alcohol Tobacco, Firearms, and Explosives (ATF).

2. I make this affidavit in support of an application for a search warrant for information regarding a certain account with the Internet video platform YouTube,

Affidavit of Jordan Vossler - 1
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 Pacific Ave., Suite 700
Tacoma, Washington 98402
(253) 428-3800

associated with **Joao Ricardo DeBorba,** that is stored at premises controlled by **Google, LLC (Google)**, a provider of electronic communications services headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require **Google** to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g) (alien/person subject to a domestic violence restraining order/person convicted of a misdemeanor crime of domestic violence in possession of firearms) have been committed by **Joao Ricardo DeBorba**. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

**JURISDICTION**

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A),

//

Affidavit of Jordan Vossler - 2
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

(c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## THE INVESTIGATION

### DeBorba's Entry to the United States and Citizenship Status

6. In August of 2021, I received information that **Joao Ricardo DeBorba** was arrested for charges involving domestic violence and a violation of a no contact order in Clark County, Washington. This referral stated that **DeBorba** was an undocumented immigrant. My review of immigration records indicate that **DeBorba** entered the United States on or about November 10, 1999, via the Miami (Florida) International Airport, using a nonimmigrant B2 visitor visa. When entering on that date, **DeBorba** provided his Brazilian Passport (no. xxxxx642) stating he was a citizen of Brazil. He was admitted to the United States for a period of up to six months requiring him to depart the United States on or before May 9, 2000.

7. Based on my investigation of DHS immigration records, there is no record of **DeBorba** ever departing the United States or applying for an extension of stay, and it appears he overstayed his visa and is in violation of 237(a)(1)(B) of the Immigration and Nationality Act. There is also no record in any immigration database of **DeBorba** ever receiving permission to legally remain in the United States or any other legal entry at any time after November 10, 1999. I have also obtained a copy of **DeBorba's** current Brazilian passport, which states that he was born in Joinville, SC, Brazil. and listed him as a national of Brazil. This passport appears to have been issued in Boston, Massachusetts on January 24, 2018, and is due to expire on January 23, 2028. Information from a Brazilian official also confirms this passport is valid and in their system.

### DeBorba's Social Security Card Application and Claims to U.S. Citizenship

8. I have learned from Special Agent Scott Jones with the Social Security Administration, Office of Inspector General, that **DeBorba** was issued Social Security number (SSN) xxx-xx-1075 on January 17, 2001, by the Social Security Administration's Ogdon, Utah Field Office. I have reviewed the Application for a Social Security card

Affidavit of Jordan Vossler - 3
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

submitted by **DeBorba** in obtaining that Social Security number. The application is signed by **DeBorba**, and states he was born in Joinville, Brazil. Also, on the "citizenship" question, the box is checked stating that **DeBorba** was a "Legal Alien Not Allowed To Work." The application indicates that, in support of this application, **DeBorba** provided his previously mentioned Brazilian passport, an I-94 entry document for a B2 visitor visa, and a "DMV" letter. There is no record in immigration databases of the I-94 document under the number **DeBorba** provided, and I believe it to be a fraudulent document presented in order to obtain a Social Security number. Based on this application, **DeBorba** was issued a Social Security number bearing the notation, "NOT VALID FOR EMPLOYMENT." No other replacement card was issued. I believe this Social Security card was most likely issued in order for **DeBorba** to obtain state, federal, and/or other benefits, and Special Agent Jones stated it was likely issued in error since a person with a B2 visa is not authorized to work in the United States and a such a document is generally not used for establishing eligibility for a Social Security number, nor does a driver's license constitute a valid nonwork reason for assigning a Social Security number.

9. I have reviewed an image of **DeBorba's** Social Security card. The card bears the notation, "NOT VALID FOR EMPLOYMENT" above the Social Security number, which is over the Social Security Administration seal.

10. I have obtained copies of **DeBorba's** I-9 Employment Eligibility Verification forms used in connection with his employment with JC Custom Machining & Design, Inc., and A-1 Precision, Inc. On the I-9 form, the applicant is asked to attest, under penalty of perjury, to his or her citizenship status. On both forms, which bear **DeBorba's** signature, the box is checked next to "A citizen of the United States." The supporting documentation for the I-9 relating to JC Custom Machining & Design, Inc. shows **DeBorba** submitted a Massachusetts driver's license and a social security card bearing what appears to be Social Security number xxx-xx-1075. Notably, the Social Security card does not bear the notation "NOT VALID FOR EMPLOYMENT." Further, the card does not bear the seal of the Social Security Administration, which is the agency that issues Social Security cards, but rather, it

Affidavit of Jordan Vossler - 4
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

bears the seal of the Department of Health and Human Services. The supporting documentation for the I-9 form relating to A-1 Precision, Inc. (dated June 10, 2019) shows **DeBorba** submitted a Washington driver's license and another Social Security card bearing SSN xxx-xx-1075 and the seal of the Social Security Administration, but without the "NOT VALID FOR EMPLOYMENT" notation. The area of the card where the notation is supposed to be (over the upper portion of the seal) appears to have been blurred or erased, indicating the card was altered to remove the "NOT VALID FOR EMPLOYMENT" disclaimer.

11. Information provided by Special Agent Mazzuca with the Federal Aviation Administration revealed that **DeBorba** attempted to get a student pilots license in Massachusetts. On or about March 19, 2014, and April 12, 2015, he stated he was a citizen of Brazil on official government document FAA Form 8500-8.

**DeBorba's Possession of Firearms**

12. On February 25, 2019, **DeBorba** applied for a Concealed Pistol License in the state of Washington. I have obtained a copy of the Concealed Pistol License Application signed by **DeBorba**, which states that he was born in Joinville, SC Brazil. Next to the question, "Are you a United States citizen?" the box is checked "Yes." Next to the questions, "Are you a permanent resident alien?" and "Are you a legal alien temporarily residing in Washington?" the boxes are checked "No." The blank related to I-94 entry information was left blank. (This CPL was revoked by the Clark County Sheriff's Office on or about November 13, 2020, due to **DeBorba's** domestic violence convictions in October 2020.)

13. I have obtained Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) firearms tracing information related to DeBorba's possession of a number of firearms. According to an ATF Firearms Transaction Record (Form 4473), on March 23, 2019, **DeBorba** purchased a Savage Arms model M11 rifle from a Sportsman's Warehouse in Portland, Oregon. The Form 4473 bears **DeBorba's** signature, and under question 12.a., entitled, "County of Citizenship," the box next to "United States of America" is checked. The form also provided the answer "No" to questions 12.c. and 12.d.1., which read, "Are you

Affidavit of Jordan Vossler - 5
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

an alien illegally or unlawfully in the United States?" and "Are you an alien who has been admitted to the United States under nonimmigrant visa?" In addition, the space that directs an alien to provide their admission number (I-94) was left blank.

14. On April 4, 2019, as documented in another Form 4473, **DeBorba** purchased a Sig Sauer model 1911 .45 caliber pistol from a Cabela's store in Lacey, Washington. The Form 4473 for the transaction bears **DeBorba's** signature, again represents his country of citizenship as the United States of America, provides the answer "No" to the questions about being an alien, and omits **DeBorba's** I-94 number.

15. On April 13, 2019, as documented in a Form 4473, **DeBorba** purchased a KelTec model Sub-2000 .40 caliber rifle from Fast Cash Inc. in Lebanon, Oregon. The Form 4473 for the transaction bears **DeBorba's** signature, represents his country of citizenship as the United States of America, provides the answer "No" to the questions about being an alien, and omits **DeBorba's** I-94 number.

16. On April 14, 2019, **DeBorba** was arrested by the Washington State Patrol (WSP) in Vancouver, Washington for Driving Under the Influence. At that time, **DeBorba** was in possession of a Glock 26 pistol and his Concealed Pistol License, though he initially denied to the arresting officer that he had a firearm. According to ATF firearms tracing information, this Glock 26 pistol (serial number BGBU719) was originally sold as a "receiver" (a firearm part) in July 2018 in a sale to a private party, but there is no record of subsequent transfers of the receiver or the assembled firearm made from the receiver. It is unclear at this time how or when **DeBorba** obtained the Glock 26 pistol, which is currently in the custody of the WSP.

17. On April 20, 2019, as documented in a Form 4473, **DeBorba** purchased a Century Arms model RAS47 7.62 caliber rifle from Keith's Sporting Goods in Gresham, Oregon. As before, the Form 4473 for the transaction bears **DeBorba's** signature, represents his country of citizenship as the United States of America, provides the answer "No" to the questions about being an alien, and omits **DeBorba's** I-94 number.

//

Affidavit of Jordan Vossler - 6
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

18. On May 8, 2019, as documented in a Form 4473, **DeBorba** purchased a Rock Island Armory model M200 .38 Special caliber revolver from Brass Tacks Munitions in Vancouver, Washington. Once again, the Form 4473 for the transaction bears **DeBorba's** signature, represents his country of citizenship as the United States of America, provides the answer "No" to the questions about being an alien, and omits **DeBorba's** I-94 number.

19. On November 10, 2019, **DeBorba** was arrested in Vancouver, Washington by the Vancouver Police Department (VPD) for assaulting his wife. On November 12, 2019, a Domestic Violence No-Contact Order was issued by the District Court of Washington for the County of Clark, restraining **DeBorba** from, among other things, harassing, stalking, threatening, assaulting, or causing bodily injury to his wife, and prohibiting **DeBorba** from possessing any firearms and ordering him to immediately surrender any firearms in his possession. The order was issued in open court with **DeBorba** present, and bears his signature acknowledging receipt of the order. On November 14, 2019, a replacement Domestic Violence No-Contact Order was issued under the same terms, but allowing for third-party contact between **DeBorba** and his wife regarding child visitation and for electronic communication between **DeBorba** and his children. **DeBorba** was again present and acknowledged receiving a copy of the order by signing.

20. On November 15, 2019, the Vancouver Police Department (VPD) in Vancouver, Washington arrested **DeBorba** for violations of the Domestic Violence No-Contact Order, and seized from his residence approximately twenty firearms along with other firearm parts and ammunition which he had failed to surrender as required under the Order. These firearms included the Savage Arms, Sig Sauer, KelTec, Century Arms, and Rock Island Armory firearms mentioned above, and are currently in the possession of VPD for safekeeping. Also among the items seized were an AR-15 type rifle along with two AR-15 upper receivers (firearm parts used to assemble AR-15 type rifles).

21. On October 14, 2020, **DeBorba** was convicted of Assault in the Fourth Degree – Domestic Violence and two counts of Domestic Violence Court Order Violation in the Superior Court of the State of Washington, County of Clark, in case number 20-1-01294-06.

Affidavit of Jordan Vossler - 7
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

In relation to that case, a new Domestic Violence No Contact Order was issued, again restraining **DeBorba** from, among other things, harassing, stalking, threatening, assaulting, or causing bodily injury to his wife. **DeBorba** was present and signed the order. The order expires on October 14, 2022.

22.     In April of 2021, police responded to an assault between **DeBorba** and his roommates. At that time, both roommates stated that **DeBorba** was still in possession of firearms that police did not seize and that **DeBorba** worked for a firearms retailer. These roommates stated that **DeBorba** was still in possession of a bolt-action rifle. They also stated that he often carried the rifle in a backpack because it could be disassembled, and described it as a black rifle with a synthetic stock, gold barrel, and scope or similar optic. The roommates reported **DeBorba** was last seen with the rifle about four weeks prior to the incident. Since this time his roommates appear to have moved out and **DeBorba** is believed to live alone.

23.     On January 31, 2022, **DeBorba** was convicted of Assault in the Fourth Degree – Domestic Violence and Domestic Violence Court Order Violation in the Superior Court of the State of Washington, County of Clark, in case number 21-1-01539-06. In relation to that case, a new Domestic Violence No Contact Order was issued, again restraining **DeBorba** from, among other things, harassing, stalking, threatening, assaulting, or causing bodily injury to his wife. **DeBorba** was present and signed the order. The order expires on January 31, 2027.

24.     **DeBorba's** last known employer, Brass Tacks Munitions located in Vancouver, Washington, also appears to be a munitions company per their website. Further investigation revealed that they are/were also a firearm retailer and **DeBorba** has used this company for at least one known firearm purchase. I have also received information that **DeBorba** may still be in contact with this employer and volunteering on site. **DeBorba** is known to have worked as a machinist and has the ability to work on firearm parts. It appears this company now makes carbon fiber gun parts including rifle stocks.

//

Affidavit of Jordan Vossler - 8
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

25. In August of 2021 a confidential source provided me with evidence of **DeBorba** operating and firing a firearm. The evidence consisted of a video **DeBorba** posted on his Instagram account with the username rick_sky2020. In this video you can see **DeBorba** outdoors firing a black rifle. The video provided appeared to be a recording of the screen of another phone and due to the focus of the recording the date, location and account name could not be clearly read. The confidential source said they no longer had access to **DeBorba** Instagram page but confirmed the account name and stated they have seen videos of **DeBorba** operating firearms on this page. The confidential source also stated **DeBorba** uses the name Rick Sky on social media. A search of Rick_Sky2020 reveals the Instagram account is set to private and the cover photo is of a stormy sea and cloudy sky as of January 26, 2022.

26. **DeBorba's** Facebook/Meta account uses the username "Rick Sky" and as of December 26, 2021, also had a cover photo of a stormy sea and cloudy sky that appears to be the same or a very similar photo as the phone currently used on the Instagram account Rick_Sky2020. **DeBorba** has since changed this Facebook cover photo to a picture of himself that appears to be a match of his passport and Department of Licensing photographs. On his account he also has multiple munition/firearm companies listed as "likes" including Ballistic Concepts LLC and Bear Creek Arsenal. He is also listed on this account of being from Joinville, Santa Catarina, Brazil and lists his phone number as 971-220-4244, which matches previous records found for **DeBorba**.

27. On February 1, 2022, I sought and obtained a federal search warrant for information contained in **DeBorba's** Instagram account, and I received a response to the search warrant from Meta in March 2022. Among the items from the Instagram account was a video matching the one shown to me by the confidential informant, which appears to depict **DeBorba** outdoors firing an AR-15 type rifle. The rifle appears to be black and has what appears to be a synthetic stock and an optical scope. Information from the Instagram account indicated that the video was taken on May 20, 2020, in Washougal, WA.

//

Affidavit of Jordan Vossler - 9
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**Evidence of DeBorba's Possession of Firearms on YouTube**

28. The confidential source also provided information for **DeBorba's** YouTube Channel, titled "joao deborba," where, on March 22, 2019, **DeBorba** posted two videos of himself holding and operating a firearm at a firing range, I last viewed this page on March 9, 2022, and these videos were still posted. This same source also stated that members of **DeBorba's** family have also observed him with firearms since the time VPD seized firearms from him.

29. The two YouTube videos were titled, "7mm Brazilian Mauser Atirador de Elite" and "7mm Brazilian Mauser Atirador de Elite 2." This appears to be a description of the rifle that **DeBorba** is depicted firing in the videos, which is a bolt-action rifle with a wood stock. This appears to be consistent with the rifle being Brazilian-made Mauser type rifle chambered for a 7mm cartridge.

30. As of March 9, 2022, the videos are accessible on the Internet via the URLs: "https://www.youtube.com/watch?v=L8mTKmYVuso" and "https://www.youtube.com/watch?v=5k4uIKZLXKY."

31. Based on my training and experience, I believe that information in the possession of **Google** regarding the YouTube account and specifically, the videos of DeBorba firing a rifle, may constitute evidence of **DeBorba's** unlawful possession of a firearm as a prohibited person, as well as evidence of where and when **DeBorba** possessed that firearm.

## BACKGROUND CONCERNING GOOGLE[1]

32. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a

---

[1] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

Affidavit of Jordan Vossler - 10
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

free web browser called Google Chrome, a free search engine called Google Search, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account. Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account. Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

33. Google also offers a free video streaming platform called YouTube that offers Google Accounts the ability to upload videos and share them with others. Users can create a YouTube channel where they can upload videos, leave comments, and create playlists available to the public. Users can subscribe to the YouTube channels of others, search for videos, save favorite videos, like videos, share videos with others, and save videos to watch later. More than one user can share control of a YouTube channel. YouTube may keep track of a user's searches, likes, comments, and change history to posted videos. YouTube also may keep limited records of the IP addresses used to access particular videos posted on the service.

34. When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

35. Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging

USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

36. Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

37. In my training and experience, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

Affidavit of Jordan Vossler - 12
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

38.     **DeBorba** has previously posted videos on his YouTube account "joao deborba" of him operating and firing firearms. I have obtained information from multiple sources that **DeBorba** has continued to possess firearms which he is not authorized to have due to his domestic violence conviction and his domestic violence restraining order, as well as his status as an alien unlawfully in the United States. I am requesting data that includes videos of **DeBorba** possessing, holding, operating, and/or firing firearms. In my training and experience, evidence of who was using YouTube and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion. For example, videos uploaded to the Internet often contain metadata, such as the date, time, and location the photos and videos were taken, which can potentially establish where and when a crime was committed.

39.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of YouTube. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

40.     Pursuant to Title 18, United States Code, Section 2703(g), this application and affidavit for a search warrant seeks authorization to permit **Google**, and its agents and employees, to assist agents in the execution of this warrant. Once issued, the search warrant will be presented to **Google** with direction that it identify the **Google** account described in Attachment A to this affidavit, as well as other subscriber and log records associated with the accounts, as set forth in Section I of Attachment B to this affidavit.

41.     The search warrant will direct **Google** to create an exact copy of the specified account and records.

Affidavit of Jordan Vossler - 13
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

42. I, and/or other law enforcement personnel will thereafter review the copy of the electronically stored data, and identify from among that content those items that come within the items identified in Section II to Attachment B, for seizure.

43. Analyzing the data contained in the forensic image may require special technical skills, equipment, and software. It could also be very time-consuming. Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keywords used originally need to be modified continuously, based on interim results. Certain file formats, moreover, do not lend themselves to keyword searches, as keywords, search text, and many common e-mail, database and spreadsheet applications do not store data as searchable text. The data may be saved, instead, in proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases, as well. Consistent with the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months. All forensic analysis of the data will employ only those search protocols and methodologies reasonably designed to identify and seize the items identified in Section II of Attachment B to the warrant.

## CONCLUSION

44. Based on the forgoing, I request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, this Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the government will execute this warrant by serving the warrant on **Google**. Because the warrant will be served on **Google**, who will then compile the requested records and data, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. Accordingly, by this Affidavit and Warrant, I seek authority for

Affidavit of Jordan Vossler - 14
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the government to search all of the items specified in Section I, Attachment B (attached hereto and incorporated by reference herein) to the Warrant, and specifically to seize all of the data, documents and records that are identified in Section II to that same Attachment.

8077 Vossler
JORDAN VOSSLER, Affiant
Task Force Officer
Federal Bureau of Investigation

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on 14th day of March, 2022.

THERESA L. FRICKE
United States Magistrate Judge

Affidavit of Jordan Vossler - 15
USAO# 2021R01432

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800